# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39655/39656

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 512 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN JOHN NIELSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Orders revoking probation and denying motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L Schafer, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this consolidated appeal, Kevin John Nielsen appeals from the district court's orders revoking probation, and its order denying Nielsen's oral Idaho Criminal Rule 35 motion for reduction of sentence. Nielsen also challenges an Idaho Supreme Court order denying his motion to augment the record for this appeal. We affirm.

## I.

## BACKGROUND

In Docket No. 39656, the State charged Nielsen with four counts of grand theft by possession of stolen property and one count of possession of a controlled substance. Pursuant to

a plea agreement, Nielsen pleaded guilty to three counts of grand theft by possession of stolen property and the remaining charges were dismissed. The district court imposed three concurrent unified sentences of fourteen years with two years fixed, but retained jurisdiction. At the close of the retained jurisdiction period, the district court placed Nielsen on probation.

In Docket No. 39655, Nielsen was charged with possession of a controlled substance and misdemeanor driving without privileges in violation of his probation in Docket No. 39656. Nielsen pleaded guilty to possession of a controlled substance and the remaining charge was dismissed. The district court revoked his probation in Docket No. 39656 and imposed a concurrent unified sentence of seven years with three years determinate in Docket No. 39655, but retained jurisdiction in both cases. Upon completion of retained jurisdiction, Nielsen was again placed on probation. Nielsen subsequently admitted to violating several terms of his probation. The district court revoked Nielsen's probation in both cases and ordered execution of the original sentences in each case to be served concurrently. At the probation violation disposition hearing, Nielsen orally requested reduction of his sentence pursuant to Idaho Criminal Rule 35. The district court denied the motion. Nielsen appeals from the orders revoking probation and denying the motion for reduction of sentence.

## II.

## ANALYSIS

Nielsen asserts on appeal that the district court erred in revoking probation and in denying his subsequent motion for reduction of sentence. In addition, Nielsen's appellate brief argues that the Idaho Supreme Court's order denying his motion to augment the appellate record with additional transcripts violated Nielsen's constitutional rights to due process, equal protection, and effective assistance of counsel.

Nielsen filed a motion to suspend the briefing schedule and to augment the appellate record with various transcripts and an addendum to the presentence investigation report. The Idaho Supreme Court denied Nielsen's motion for transcripts and granted his request for the addendum to the presentence investigation report, and this case was subsequently assigned to this Court for disposition.

Nielsen asks this Court to hold that the Idaho Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an

2

Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Nielsen has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Nielsen asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. Although in *Morgan* we held a challenge to an Idaho Supreme Court denial of a motion to augment the record is beyond the scope of our authority to review without a renewed motion, Nielsen asserts that this Court indeed has the authority to address the due process and equal protection issues on appeal. He claims that such authority is implicit in the grant of authority found in Idaho Appellate Rule 108. In fact, Nielsen argues that a renewed motion to augment the record *cannot* be made to this Court due to restrictions contained within Idaho Appellate Rules 30 and 110.

Rule 108(a) states that the "Court of Appeals shall hear and decide all cases assigned to it by the Supreme Court." The rule also contains a list of the types of cases that will not be assigned to the Court of Appeals. *See* I.A.R. 108(a). Nielsen asserts that, because the constitutional issues raised in his appellant's brief do not fall within the list of cases not to be assigned to the Court of Appeals, this Court has the authority to address the issues. In other words, the assignment of this case to the Court of Appeals functions as an implicit grant of authority from the Supreme Court to review his claims about the constitutionality of the Supreme Court's decision to deny his request for additional transcripts.

3

We recognize that Rule 108 requires this Court to decide all cases assigned by the Supreme Court. However, we do not deem this grant of authority to be as broad as Nielsen would interpret it. Idaho Code Section 1-2402 states this Court is subordinate to the Idaho Supreme Court. Idaho Code Section 1-2403 further states this Court is subject to administration and supervision by the Supreme Court pursuant to Article 5, Section 2 of the Idaho Constitution. When read in conjunction with I.C. § 1-2406(1), which closely mirrors the wording in Rule 108,[1] we must conclude, as we did in *Morgan*, that it is plainly beyond our scope of authority to review a decision made by the Supreme Court before assignment of the case to this Court. We will not address the issue of a denied motion to augment the record made before the Supreme Court absent some basis for renewing the motion. As we have previously stated, this may occur via a renewed motion with new evidence to support it filed with this Court, or the presentation of refined, clarified, or expanded issues on appeal that demonstrates the need for additional records or transcripts, in effect renewing the motion.

This brings us to Nielsen's argument that a renewed motion to augment the record *cannot* be made to this Court due to restrictions contained within Idaho Appellate Rules 30 and 110. Rule 30(a) reads as follows:

> Any party may move the Supreme Court to augment or delete from the settled reporter's transcript or clerk's or agency's record. . . . Any party may within fourteen (14) days after service of the motion, file a brief or memorandum in opposition thereto. Unless otherwise expressly ordered by the Supreme Court such motion shall be determined without oral argument. The reporter's transcript and clerk's or agency's record may also be augmented or portions deleted by stipulation of the parties and order of the Supreme Court. The filing of a motion to augment shall not suspend or stay the appellate process or the briefing schedule.

Additionally, Rule 110 provides:

---

[1]    Idaho Code Section 1-2406(1) provides:

> Any provision of law to the contrary notwithstanding, the Idaho court of appeals shall have jurisdiction to hear and to decide all cases assigned to it by the Idaho supreme court; provided, that the supreme court shall not assign cases invoking the supreme court's original jurisdiction, nor appeals from imposition of sentences of capital punishment in criminal cases, nor appeals from the industrial commission, nor appeals from the public utilities commission.

All motions, petitions, briefs and other appellate documents, other than the initial notice of appeal, shall be filed with the Clerk of the Supreme Court as required by the Idaho Appellate Rules with the court heading of the Supreme Court of the State of Idaho as provided by Rule 6. There shall be no separate filings directed to or filed with the Court of Appeals. In the event of an assignment of a case to the Court of Appeals, the title of the proceeding and the identifying number thereof shall not be changed except that the Clerk of the Supreme Court may add additional letters or other notations to the case number so as to identify the assignment of the case. All case files shall be maintained in the office of the Clerk of the Supreme Court.

Nielsen argues that these rules function to require all motions to be filed with the Supreme Court and states he is "not aware of any court rule which allows a party to an appeal to file a motion directly with the Court of Appeals." Rather, he contends a filing of a renewed motion to augment the record is expressly prohibited by the rules.

We reject that interpretation of the rules because we recognize this to be contrary to the grant of authority in Idaho Appellate Rule 101. Rule 101 provides that the "Idaho Appellate Rules shall apply to all proceedings in the Court of Appeals as well as the following rules." By way of Rule 101, this Court also has authority to entertain motions to augment the record as provided by Rule 30 after the case has been assigned to this Court. Moreover, if we were to accept Nielsen's interpretation, it would result in a lack of authority of this Court to entertain *any* motions. Idaho Appellate Rule 32(c), applicable to the Court of Appeals via Rule 101, allows any other motions permitted under the rules, other than a motion to dismiss, to be made at any time, before or after the case is set for oral argument. By way of that authority, this Court routinely rules on motions such as motions for continuance, motions regarding briefing (including motions to join briefing, file supplemental briefing, exceed the page limits, revise a brief, request an extension of time to file a brief, or request permission to file a late brief), motions to expedite the appeal, motions to withdraw as counsel, motions for a stay of proceedings, motions to augment the record, renewed motions to augment the record, and motions to allow or to vacate oral argument. Under the Idaho Appellate Rules, we have the authority to review and rule on motions made by a party *after* the case has been assigned to this Court.

In sum, we adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a

renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion.

Nielsen had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Nielsen's attempt to distinguish his case from *Morgan*, based on his appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

Nielsen next asserts that the district court abused its discretion in revoking probation. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Nielsen last asserts that the district court erred by denying his oral motion for reduction of sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

6

We conclude we have no authority to address the Idaho Supreme Court's denial of Nielsen's motion to augment the record. We further conclude the district court did not abuse its discretion in revoking probation or denying Nielsen's Rule 35 motion. The district court's orders revoking probation and denying Nielsen's Rule 35 motion are affirmed.